UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLEN CRAIG

                Plaintiff,

  -against-

THE GRANGER COLLECTION LTD.

                Defendant.
------------------------------------------------------------X

Civil Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiff, Glen Craig ("Craig"), by and through his undersigned counsel, as and for his Complaint against Defendant, The Granger Collection Ltd. ("Granger"), hereby alleges as follows:

### Nature of Action

      1.    This is an action for (i) direct copyright infringement under Section 501 of the Copyright Act; and (ii) the falsification, removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA").  This action arises out of Granger's unauthorized reproduction, public display and sale of a photograph of legendary blues musician B.B. King that is owned by Craig, including the falsification, removal and/or alteration of copyright management information pertaining to such photograph.  Accordingly, Craig seeks monetary relief under the Copyright Act, as amended, 17 U.S.C. § 101 *et seq.* and under the DMCA, 17 U.S.C. § 1202.

### Jurisdiction and Venue

      2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§§ 1331, 1338 and 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) in that a substantial part of the acts of infringement complained of herein occurred in New York and in this District and the Defendant conducts business in New York and this District.

**The Parties**

4. Craig is an individual that resides at 30-60 Crescent St., Apt. 2C, Astoria, NY 11102.

5. Granger is a New York corporation with a principal place of business located at 25 Chapel St., Ste. 605, Brooklyn, NY 11201.

**Factual Background**

6. Craig is a renowned music photographer with over 50 years of professional experience. The musicians that Craig has photographed and, in some cases, maintained close personal relationships with, are legendary, including, the Beatles, the Rolling Stones, The Who, The Doors, B.B. King, Miles Davis, James Brown, Eric Clapton, Jerry Lee Lewis, Tina Turner, Aretha Franklin, Chuck Berry, Little Richard, among others.

7. Craig has earned significant distinction for his work. Craig was awarded Photokina's distinguished photographer of the year award in 2014. That same year, Craig was chosen as one of only two photographers to represent the U.S. in an exhibition concerning the history of music photographer curated by high-end camera giant, Leica. Craig is currently represented by the Morrison Hotel Gallery in New York and Los Angeles, which specializes in selling and licensing historical music photographs.

8. In 1970, Craig met legendary recording artist B.B. King and began working with Mr. King on a series of photoshoots both in the U.S. and abroad. The photoshoots resulted in a number of iconic and historically important photographs, among them a black-and-white image

of Mr. King during a 1969 tour performance with the Rolling Stones, in which a stage light, in an instant, glances off his guitar strings to create a brilliant star-like burst of light. Craig referred to this timely still shot as the Star Photo (the "Star Photo").

9.  The Star Photo was registered with the U.S. Copyright Office on March 18, 2014 under Registration No. VAu 1-159-683 (the "Registration"). A copy of the Registration is attached hereto and fully incorporated herein as Exhibit A.

10. Since 2014, the Star Photo has been featured on the Morrison Hotel Gallery's website, where prints of the image are available for purchase for $700 each. At all times, the Morrison Hotel Gallery has credited Craig on its website as the copyright owner of the Star Photo. The copyright notice on the Morrison Hotel Gallery's website specifically states: "©Glen Craig, 1969." At all times, the Star Photo featured on the Morrison Hotel Gallery website contained copyright management information that identified Craig as the copyright owner of the Star Photo. A copy of the Star Photo as it appears on the Morrison Hotel Gallery website is attached hereto and fully incorporated herein as Exhibit B.

11. In January 2015, Craig discovered that Granger was selling digital and photographic prints of the Star Photo on its website at www.granger.com without his authorization. Even more troublesome, Granger credits itself as the copyright owner of the Star Photo. The copyright notice on Granger's website specifically states: "© Granger, NYC/Granger, NYC." A copy of the Star Photo as it appears on the Granger website is attached hereto and fully incorporated herein as Exhibit C.

12. At no point did Craig ever sell or license or agree to sell or license the copyrights to the Star Photo to Granger. In fact, Craig has had no direct or indirect contact with Granger during his 50 year career.

13. Upon information and belief, Granger, in willful violation of Craig's rights in and to the Star Photo, stole the Star Photo from the Morrison Hotel Gallery website, removed the copyright management information that established Craig's ownership of the Star Photo, and then replaced it with management information naming itself as the copyright owner, all in an effort to deceive customers that it had the proper authority to sell the Star Photo on its website.

14. Granger has offered, and continues to offer, the Star Photo for sale on its website and without Craig's consent and without any legitimate claim of ownership of the photograph. Upon information and belief, Granger has sold and continues to sell both digital and photographic prints of the Star Photo, the degree and extent of which has yet to be determined. As a result, Craig has been damaged by Granger's willful conduct in violation of his rights in and to the Star Photo, including his copyrights therein.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. §§ 106, 501)

15. Craig fully hereby incorporates Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Granger infringed Craig's exclusive rights as the copyright owner of the Star Photo by reproducing, publicly displaying and offering for sale digital and photographic prints of the Star Photo on its website without Craig's consent in each case.

17. Granger's infringements are willful. Granger knew or had reason to know that Craig was the copyright owner of the Star Photo since the Morrison Hotel Gallery website provided a copyright notice that expressly acknowledges Craig as the owner.

18. Upon information and belief, Granger stole the Star Photo from the Morrison Gallery website. Granger then removed the copyright management information from the Star Photo and replaced it with management information naming itself as the copyright owner of the

4

Star Photo for the purpose of deceiving customers that it had the legal authority to reproduce and sell copies of the Star Photo.

19. Upon information and belief, Granger has sold and continues to sell for a fee digital and photographic prints of the Star Photo on its website and has profited from its illegal conduct at Craig's expense.

20. Grangers actions were done without Craig's knowledge or authorization and constitute willful violations of Craig's rights in and to the Star Photo, including copyrights.

21. Granger's infringement has caused and continues to cause injury to Craig to a degree and extent yet to be determined.

## SECOND CLAIM FOR RELIEF
### (Violation of Integrity of Copyright Management Information, 17 U.S.C. §1202)

22. Craig fully hereby incorporates Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. When Granger improperly copied, displayed and made available for sale the Star Photo on its website, it knew or had reason to know that the Star Photo was owned by Craig due to the copyright notice on the Morrison Hotel Gallery website that expressly acknowledges Craig as the copyright owner.

24. Upon information and belief, Granger intentionally and knowingly: (i) removed and/or altered the copyright management information setting forth Craig's valid copyright ownership of the Star Photo; (ii) replaced it with copyright management information that falsely named Granger as the copyright owner; and (iii) distributed the Star Photo containing such falsified information to third parties, all in violation of 17 U.S.C. §1202(a)-(b).

25. Upon information and belief, the falsification, removal and/or alteration of the copyright management information was done by Granger intentionally, knowingly and/or having

reasonable grounds to know that it would induce, enable, facilitate or conceal an infringement of the Star Photo.

26. Granger has displayed for sale and, upon information and belief, has sold copies of the Star Photo for a fee and, therefore, had the intent to induce, enable, facilitate, or conceal its infringement of Craig's exclusive rights in the Star Photo.

27. As a result of Granger's wrongful conduct as alleged herein, Craig is entitled to recover from Granger the damages that he sustained and will sustain, and any gains, profits, advantages obtained by Granger because of its violations of 17 U.S.C. §1202, including attorneys' fees and costs.

28. Alternatively, Craig may elect to recover from Granger statutory damages pursuant to 17 U.S.C. §1203(c)(3) in the sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. §1202.

29. To the extent that Granger has had a judgment against it for violating 17 U.S.C. §1202 within the last three (3) years, the Court, pursuant to 17 U.S.C. §1203(c)(4), may award up to triple damages for the violations of 17 U.S.C. §1202 alleged hereunder.

### **Prayer for Relief**

WHEREFORE, Craig prays that this Court enter judgment in his favor and against Granger:

1. Finding that Granger has infringed Craig's exclusive rights in the Star Photo, pursuant to 17 U.S.C. §§ 106 and 501;

2. Granting Craig permanent injunctive relief enjoining Granger from reproducing, displaying or selling, or offer for sale, or otherwise distributing the Star Photo;

3. Granting Craig statutory damages in the maximum amount allowed by law, or,

alternatively, at Craig's election, actual damages suffered by Craig and profits or other advantages derived by Defendants arising out of or related to copyright infringement of the Star Photo, pursuant to 17 U.S.C. §504, in amounts to be proven;

    4.    Awarding Craig either: (a) Craig's actual damages and Granger's profits, gains or advantages of any kind attributable to Granger's falsification, removal and/or alteration of copyright management information; or (b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Granger pursuant to 17 U.S.C. §1203(c);

    5.    Pursuant to 17 U.S.C. §1203(c)(4), to the extent Granger had a judgment entered against it for violating 17 U.S.C. §1202 within the last three (3) years, awarding Craig up to triple the amount that would be otherwise awarded;

    6.    That Granger be required to account for all profits, income, receipts, or other benefits derived by Granger as a result of its unlawful conduct;

    7.    Directing Granger to reimburse Craig's attorneys' fees and costs in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. §1203(b);

    8.    That Craig be awarded pre-judgment interest; and

    9.    Granting such other and further relief as the Court deems proper and just.

Dated: New York, New York　　　　　PELOSI WOLF EFFRON & SPATES LLP
　　　　November 10, 2017


By: _____/s/_____
　　John Pelosi, Esq.
　　Angelo DiStefano, Esq.
　　The Woolworth Building
　　233 Broadway, 22nd Floor
　　New York, NY 10279
　　Phone: (212) 334-4801
　　Facsimile: (212) 571-9149

　　*Attorneys for Plaintiff, Glen Craig*